IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**VICTOR COLÓN-COLÓN,**
Petitioner,

v.                                Civil No. 06-1389 (PG)
                                  Related to Crim. No. 01-614(PG)

**UNITED STATES OF AMERICA,**
Respondent.

## OPINION AND ORDER

Victor Colón-Colón (hereinafter, "Petitioner" or "Petitioner Colón-Colón") proceeding *pro se*, has moved to vacate, set aside, or correct his sentence pursuant to section 2255 of Title 28 of the United States Code. Following a plea of guilty, Petitioner Colón-Colón was convicted as to Count One for being a conspirator to distribute narcotics in violation of 21 U.S.C. § 846, and convicted as to Count Two for carrying firearms during and in relation to drug trafficking crimes in violation of 21 U.S.C. 924 (c)(A)(1).

In his present *pro se* motion, Petitioner seeks relief under the provisions of 28 U.S.C. § 2255, attempting to relitigate some issues, that were considered and rejected on appeal, by recasting them as claims of ineffective assistance of counsel. Petitioner also attacks his sentence in regards to the supervised release term imposed under the rubric of ineffective assistance of counsel. The Government agrees that imposition of an eight year term of supervised release was in excess of the five year maximum authorized by law, absent

specific findings of aggravating factors making such a departure warranted. Thus, the Government concedes that Petitioner's motion should be granted to the extent that the portion of the sentence that imposed an eight (8) year term of supervised release be vacated.

The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and, for the reasons detailed more fully below, the Court **GRANTS** Petitioner's motion only as to the supervised release claim and **DENIES** the motion as to the remainder claims.

## I. BACKGROUND

On November 21, 2001, Petitioner Colón-Colón was charged, along with seven (7) other codefendants, in a Second Superseding Indictment returned by a Federal Grand Jury. (Crim. No. 01-614(PG), D.E. 116). Petitioner was charged in connection with Counts One, Two, Three, Five, and Six. Specifically, Count One charged a conspiracy to distribute in excess of five (5) kilograms of cocaine in violation of 21 U.S.C. § 846. Also relevant was Count Five which charged that from on or about February 4, 2001, to on or about March 12, 2001, the defendants aiding and abetting each other, and in furtherance of the conspiracy carried firearms during and in relation to drug trafficking crimes, all in violation of 21 U.S.C. § 924(c)(A)(I).

On March 5, 2002, the case was called for jury trial as to Petitioner and other co-defendants. (Crim. No. 01-614(PG), D.E. 173). On the sixth day of trial, Petitioner informed the Court of plea

Civil No. 06-1389(PG)
Criminal No. 01-614(PG)                                         Page 3

negotiations. (Crim. No. 01-614(PG), D.E. 193). On March 15, 2002, Petitioner entered an oral plea of guilty as to Counts One and Five of the Second Superseding Indictment. (Crim. No. 01-614(PG), D.E. 200).

The parties agreed that petitioner should be held accountable for the distribution of at least two (2) kilograms of cocaine, for a base offense level of twenty-eight (28). The parties further agreed on a two (2) level upward adjustment based on Petitioner's role in the offense. The parties also stipulated a two (2) level increase based on Petitioner's abuse of a position of trust. Finally, the parties agreed to a two (2) level reduction for acceptance of responsibility. This left the Petitioner with a total adjusted offense level of thirty (30).

On August 9, 2002, a sentencing hearing was held. During sentencing, the Court applied a three (3) level enhancement for role in the offense and a two (2) level enhancement for abuse of a position of trust. Petitioner was sentenced to a term of imprisonment of one hundred thirty-five (135) months as to Count One, and to a consecutive sixty (60) months as to Count Five. (Crim. No. 01-614(PG), D.E. 249). Petitioner's incarceration was to be followed by a term of supervised release. The term of supervised release for Counts One was eight (8) years. The term of supervised release for Count Five was three (3) years. All terms of supervised release would run concurrently. A special monetary assessment of two hundred

Civil No. 06-1389(PG)
Criminal No. 01-614(PG)                                              Page 4

($200.00) was also imposed. Judgment was entered on docket on August 12, 2002. (Crim. No. 01-614(PG), D.E. 249).

On appeal, Petitioner raised several grounds. First, Petitioner challenged the factual basis of the guilty plea as related to using and carrying a firearm in relation to a drug trafficking crime, contrary to 18 U.S.C. § 924(c) in Count Five. Second, Petitioner argued against the imposition of a two (2) level enhancement for abuse of a trust position. Third, Petitioner also argued that the imposition of a three (3) level enhancement for role in the offense was unwarranted. On December 22, 2004, the Court of Appeals affirmed the Petitioner's conviction and sentence. After mandate was issued but before the time for filing a Petition for Certiorari had expired, Petitioner, through counsel, was permitted to file a supplemental brief pursuant to Blakely v. Washington, 542 U.S. 296 (2004). Thereafter, on June 1, 2005, Judgment was issued denying Petitioner's request for relief.

On April 19, 2006, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel claims.

**II. DISCUSSION**

In his Petition under 28 U.S.C. § 2255, Petitioner Colón-Colón alleges error on grounds that his attorney was ineffective for the following reasons: (1)by failing to investigate facts and law prior to advising him to plead guilty, see, Memorandum, Page 7; (2) he

claims that he was entitled to a two level enhancement for role in the offense stipulated with the Government, rather than the three levels imposed by the Court, and that counsel failed to raise this issue on appeal, see, Memorandum, Page 1; (3) counsel failed to raise an Apprendi challenge to Petitioner's illegal sentence, see, Memorandum, Page 9; (4) Petitioner makes a Booker/Blakely argument, see, Memorandum, Page 8; (5) Petitioner claims that he was denied an additional one level reduction for acceptance of responsibility, and (6) counsel was ineffective for failing to pursue the claim, see, Memorandum, Page 16; and (7) he claims that the Court erred by imposing a supervised release term of eight (8) years, see, Memorandum, Page 19. For the reasons discussed below, the court finds that all of Petitioner' ineffective assistance of counsel claims are completely without merit.

## A. APPLICABLE LEGAL PRINCIPLES

### 1. Law Governing Petitions Under 28 U.S.C. § 2255.

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A properly filed motion under Section 2255 must allege that; (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See, 28 U.S.C. §2255.

Accordingly, Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255; Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed2d 417 (1962). Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. See United States v. Addonizio, 442 U.S. 178, 184-85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Habeas review is an extraordinary remedy, and a Section 2255 motion simply is not a substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

**2. Law Governing Ineffective Assistance of Counsel.**

Petitioner asserts each of his claims under the theory of ineffective assistance of counsel. A petitioner is barred from collaterally attacking his sentence pursuant to 28 U.S.C. § 2255 so far as that attack is based upon alleged errors that could have been, but were not, raised on direct appeal. See, United States v. Frady, 456 U.S. 152, 162-63, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). To avoid the resulting procedural bar, a petitioner generally must prove "both (1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168, 102 S.Ct. 1584. A petitioner need not,

Civil No. 06-1389(PG)
Criminal No. 01-614(PG) Page 7

however, demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel initially in a § 2255 motion. The First Circuit has clearly stated its preference that such claims be addressed in the first instance by the district court under a § 2255 motion. United States v. Austin, 948 F.2d 783, 785 (1st Cir.1991). Accordingly, we will review each issue on the merits.

The Sixth Amendment provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." Thus, the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992).

Under Strickland, supra, and its progeny, "[a]n ineffective assistance claim has two components: A Movant must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a Movant must demonstrate that counsel's representation fell below an objective standard of reasonableness." Wiggins v. Smith, 539 U.S.

510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. In order to show prejudice, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Applying the foregoing principles to Petitioner Colón-Colón's allegations against counsel, as the Court shall examine, it is apparent that he cannot prevail in his alleged ineffective assistance of counsel claims.

### 3. Counsel's Failure to Conduct Investigation

Petitioner Colón-Colón contends that his lawyer failed to investigate the facts and law of the case.

The initial problem with Petitioner's conclusory assertions that his trial counsel failed to adequately investigate the case is that the Petitioner has identified no exculpatory evidence or additional defensive theories that would have been discovered or developed had his counsel investigated the case more thoroughly. Nowhere in his original Petition does Petitioner Colón-Colón identify any potential defense witnesses who could have testified at Petitioner's initial trial prior to his guilty plea, explain what testimony any of those witnesses could have provided, or otherwise identify any exculpatory

Civil No. 06-1389(PG)
Criminal No. 01-614(PG) Page 9

evidence then-available that could have been discovered or developed by a more thorough investigation by his trial counsel. Thus, those assertions of ineffective assistance do not satisfy the prejudice prong of Strickland. Since Petitioner Colón-Colón fails to tell us what additional investigation or interviews would have uncovered valuable evidence, he cannot claim that he was prejudiced from any alleged inaction by his attorney. United States v. Porter, 924 F.2d 395, 397 (1st Cir. 1991) (no "prejudice" absent showing that failure to investigate or interview witnesses deprived defendant of "viable defense").

Additionally, on the sixth day of his trial, Petitioner informed the Court of plea negotiations. A day later, he entered an oral plea of guilty as to Counts One and Five of the Second Superseding Indictment. The Court's ability to consider these claims is affected by Petitioner's entry of a guilty plea. By pleading guilty Petitioner waived all subsequent nonjurisdictional defects of his conviction. See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); United States v. Martinez-Martinez, 69 F.3d 1215, 1224 (1st Cir. 1995).

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet, 411 U.S. at 267. After a conviction based on a guilty plea has become final, such as in Petitioner Colón-Colón's case, a Petitioner may challenge only the knowing and voluntary nature of the plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence. United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed2d 927 (1989).

When Petitioner Colón-Colón entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. Tollet, 411 U.S. at 266-67. In this case, Petitioner admitted the crimes as charged in the Superseding Indictment knowingly, voluntarily and intelligently. The Court found that Petitioner was fully competent and capable of entering an informed plea and that his plea was a knowing and voluntary one supported by an independent basis in fact containing all the essential elements of the offenses charged in his Superseding Indictment he pled guilty to.

Petitioner's challenge to his counsel's alleged failure to conduct an adequate investigation are without merit and are dismissed.

**4. Court's Imposition of three levels enhancement for role in the offense.**

As another ground in support of his claim of ineffective assistance of counsel, Petitioner Colón-Colón claims that he was entitled to a two level enhancement for role in the offense stipulated with the Government, rather than the three levels imposed by the Court, and that counsel failed to raise this issue on appeal, see, Memorandum, Page 1. This argument, which form the basis of the second ineffective assistance of counsel claim, was considered fully and rejected by the Court of Appeals. There is no basis to revisit the matter in a § 2255 proceeding. Indeed, in its Judgment entered December 22, 2004, the First Circuit clearly stated as follows:

> "Next, appellant Colón argues that the sentencing court improperly enhanced his offense level by three pursuant to U.S.S.G. 3B1.1(b). He says his offense level only should have been increased by two pursuant to U.S.S.G. § 3B1.1(c).....The senetencing court was correct to impose a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b)."

It is well settled in this Circuit that a prisoner may not use a Section 2255 Petition to relitigate questions that were raised and considered on direct appeal. Singleton v. United States, 26 F.3d 233 (1st Cir. 1994); United States v. Escobar-de Jesús, 187 F.3d 148, 159-162 (1st Cir. 1999). Because this issue was previously raised before the Court of Appeals, Petitioner may not attempt to relitigate the issue here. This claim is dismissed.

**5. Apprendi/Blakely Claim**

Petitioner claims that counsel was ineffective for failing to raise an <u>Apprendi</u>[1] challenge to his sentence. As he has done above, Petitioner attempts to relitigate this issue by recasting it as a claim of ineffective assistance of counsel. Petitioner raised this precise issue before the Court of Appeals, which rejected his claim. Again, the Court of Appeals stated:

> "Finally, both appellants raise challenges to their sentences pursuant to <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). The argument fails. They did not raise the issue below, so a plain error standard applies. <u>See</u> <u>United States v. Morgan</u>, 348 F.3d 1, 7-8 (1st Cir. 2004). The sentencing court acted in accordance with circuit precedent (not yet clearly established to be erroneous) when it made the factual findings necessary to support the enhancements; at the time (and at present), a jury finding or admission by the defendant was not necessary in order to satisfy Sixth Amendment concerns. Id. At 8. Therefore, we find no plain error in the court's sentencing procedures."

Judgment, 02-2180 (1st Cir. December 22, 2004, p. 3).

Again, with respect to claims that have already been considered and decided by the Court of Appeals, the Court of Appeals decision is the law of the case and this Court will not revisit it on habeas. <u>Singleton</u>, <u>supra</u>. Therefore, this claim is denied.

## 6. <u>Booker</u> Claim

Petitioner attempts to raise again a <u>Booker</u> argument that was ultimately denied on appeal.

After mandate was issued in Petitioner's appeal, but before the time for filing for certiorari had expired, Petitioner filed a

---

[1] <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

"Motion requesting special consideration" asking the Court of Appeals to reconsider its decision in light of United States v. Booker, 125 S.Ct. 738 (2005). The First Circuit granted Petitioner's request and mandate was recalled to reconsider its decision in light of Booker. Petitioner was asked to file a supplemental brief. On June 1, 2005, the Court of Appeals entered an Order stating in relevant part:

> "Appellant Victor Colón-Colón ("Colón") has failed to show a reasonable probability exists that the district court would have imposed a lower sentence under an advisory system...The district court had an opportunity to impose a lighter sentence – by accepting the parties recommendation that only a two-level enhancement for role in the offense be imposed – but instead, it increased Colon's sentence Additionally, the sentence imposed was at the top of the guideline range...If the sentencing court had been concerned at all that the government's actions during this sting were somehow manipulative or excessive, it had every opportunity to lower Colon's sentence. It did not...This is a strong indication that the court would not have given a lower sentence under an advisory system...Request for relief denied."
> Because the Court of Appeals' Order of June 1, 2005 made a final

determination on this argument, it will not be relitigated here. This claim is denied.

### 7. Supervised Release Claim

Petitioner Colón-Colón argues that the Court erred when it imposed an eight year term of supervised release.

The United States Court of Appeals for the First Circuit held that U.S.S.G. § 5D1.2 and 21 U.S.C. § 841(b)(1)(A) should be read together to mean that a defendant convicted under 21 U.S.C. § 841(b)(1)(A) can be sentenced to only five years of supervised release unless the judge makes a permissible upward departure from

Civil No. 06-1389(PG)
Criminal No. 01-614(PG)                                              Page 14

the guidelines. United States v. Cortés-Claudio, 312 F.3d 17, 18-19 (1st Cir. 2002); see also United States v. Nelson-Rodríguez, 319 F.3d 12, 54 (1st Cir. 2003). When a sentencing court imposes a term of supervised release exceeding five years it represents an upward departure and the sentencing court must give prior notice to the defendant of its intention to impose a term of such an extended duration and must state on the record the aggravating circumstances that justify the upward departure. Id.; see also United States v. Matos, 328 F.3d 34, 44 (1st Cir. 2003) (district court had authority to impose a ten-year term of supervised release, but it can only be imposed upon adherence to proper procedural safeguards). These rulings by the First Circuit Court of Appeals lead to the conclusion that the imposition of an eight year term of supervised release was in excess of the five year maximum authorized by law absent specific findings of aggravating factors making such a departure warranted. Although Petitioner Colón-Colón failed to challenge the imposition of the eight year supervised release term on direct appeal, the record does not appear to adjust to proper procedural safeguards.

The Government conceded that the supervised release aspect of the sentence constituted an upward departure and that the Petitioner had not received prior notice of the Court's intent to depart upward, and the Court had not specified the aggravating circumstances upon which the departure was based. Accordingly, it is considered that

Civil No. 06-1389(PG)
Criminal No. 01-614(PG)                                          Page 15

the eight year term of supervised release is in excess of the maximum authorized by law and as a result § 2255 relief is appropriate.

**III. CONCLUSION**

**FOR THE REASONS STATED HEREIN**, Petitioner's § 2255 motion (D.E. 1) is **GRANTED IN PART** to the extent that the Judgment in Criminal No. 01-614 (PG) entered August 12, 2002 will be amended to modify the term of supervised release to five years instead of eight years as to Count One. Accordingly, the eight year term of supervised release as to Count One imposed at the time of sentencing shall be **VACATED** and a five year term of supervised release as to Count One substituted in its place. All the remaining claims presented in his § 2255 motion are **DENIED and DISMISSED WITH PREJUDICE.**

In San Juan, Puerto Rico, this 19th of March, 2009.

JUAN M. PÉREZ-GIMÉNEZ
Senior United States District Judge