### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF PUERTO RICO

VICTOR MANUEL COLON-COLON,

    Petitioner,

       v.

UNITED STATES OF AMERICA,

    Respondent.

CIV. NO.06-1389(PG)
(Re: Crim No. 01-614(PG))

### ORDER

Before the Court is Petitioner Victor Colon-Colon's Motion for Certificate of Appealability (Docket No. 17).  In said motion, Petitioner raises an ineffective assistance of counsel claim premised upon defense counsel's alleged failure to argue at sentencing and on appeal that Petitioner's three (3) point enhancement created an unconstitutional disparity of sentence vis-a-vis a purportedly more culpable co-defendant's two (2) point enhancement in light of the fact that both were represented by the same counsel.  For the reasons that follow, Petitioner's motion is **DENIED**.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), no appeal may be taken from a district court's ruling on a Section 2255 motion unless a district or circuit judge issues a Certificate of Appealability ("COA") based upon a "substantial showing" by the prisoner of "the denial of a constitutional right." 28 U.S.C. § 2253(c). In order to meet the substantial showing standard, the petitioner must demonstrate that the issues raised supporting his request for a COA are "'debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further.'" Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983);

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Medellin v. Dretke, 544 U.S. 660, 676 (2005). "The necessity for a substantial showing extends independently to each and every issue raised by a habeas petitioner." Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002).

The Petitioner has failed to make the required showing. This Court's reasoned Opinion and Order (Docket No. 13) issued on March 20, 2009, dismissed with prejudice all of Petitioner's ineffective assistance of counsel claims raised therein. The Court specifically addressed the claim that counsel was ineffective at challenging the imposition of the three (3) level enhancement for his role in the offense, holding that the argument was "considered fully and rejected by the Court of Appeals." (See Docket No. 13 at 11.) The Court ruled that a prisoner "may not use a Section 2255 Petition to relitigate questions that were raised and considered on direct appeal." (Id.) (citing Singleton v. United States, 26 F.3d 233 (1st Cir. 1994); United States v. Escobar-de Jesus, 187 F.3d 148, 159-162 (1st Cir. 1999)). As the Court, quoting from the First Circuit's Judgment issued on December 22, 2004, stated in its Opinion: "The sentencing court was correct to impose a three-level enhancement pursuant to U.S.S.G. 3B1.1(b)." (Id.)

Petitioner would like to recast his ineffective assistance of counsel claim challenging the sentencing enhancement from one based on the merits of the three (3)-point enhancement to one based on the disparity of a one (1) point enhancement vis-a-vis a co-defendant. Petitioner should have brought the disparity challenge when the sentencing enhancement question was raised and considered on direct appeal. Petitioner failed to raise it then as he failed to raise it in his Section 2255 motion, only bringing it to the Court's attention for the first time in his motion to amend or correct the Section 2255 motion (Docket No. 15), which the Court summarily denied for these same reasons. Petitioner now repeats his attempt to raise the same ineffective

assistance of counsel claim in this application for a COA.  Because the Court

will not entertain questions or allow the relitigation of issues that were

raised and considered on direct appeal, such as counsel's effectiveness in

challenging the validity of the three (3)- point enhancement, Petitioner's

request for a COA is **DENIED**.


        **IT IS SO ORDERED.**

        In San Juan, Puerto Rico, April 15, 2010.


                                        S/ JUAN M. PEREZ-GIMENEZ
                                        JUAN M. PEREZ-GIMENEZ
                                        SENIOR U. S. DISTRICT JUDGE